### MACFARLANE v. ADAMS EXPRESS CO.

(Circuit Court, E. D. Pennsylvania. May 22, 1905.)

#### No. 23.

EXPRESS COMPANIES—LOSS OF PACKAGE—LIMITING LIABILITY FOR NEGLIGENCE.

An express company can, by condition clearly appearing in its receipt for a package, limit its liability for loss of the package by its negligence to $50, no valuation thereof being given by the shipper, and the express charge being based on the value not exceeding that amount.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 654–659.]

Motion by Defendant for Judgment Notwithstanding the Verdict.

W. E. Rex, for plaintiff.

B. Gordon Bromley and Thos. De Witt Cuyler, for defendant.

J. B. McPHERSON, District Judge. On February 9, 1903, the plaintiff delivered to an employé of the Adams Express Company, in the city of Philadelphia, a suit case containing wearing apparel,

to be carried to Norwood, Pa., for which she was given the usual receipt. She put no value upon the suit case or its contents and none was asked for. At the trial the receipt was offered in evidence by the plaintiff, and she did not prove, or offer to prove, that she had not read it, or did not know what it contained, or did not understand it, or had not agreed to its terms, or had been induced to sign it, by any fraud or under any misapprehension. The relevant portions of the receipt are as follows: The top line, in dark legible type, declares that:

"The company's charge is based upon the value of the property, which must be declared by the shipper."

A few lines further down are the words in large type:

"Valued at $............

"Marked ........................................................

Which the Company agrees to carry upon the following terms and conditions, to which the shipper agrees, and as evidence thereof accepts this bill of lading."

Certain conditions follow in smaller type, the first being this:

"(1) In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

The bottom line, in type similar to the top line, is this:

"Liability limited to $50, unless a greater value is declared."

The suit case did not reach its destination and has never been found. The defendant offered no explanation of the loss; admitted in effect, although not expressly, that negligence was properly chargeable; and offered to submit to a verdict of $50, under the foregoing conditions of the receipt. The jury found that the defendant had been negligent, and assessed the plaintiff's damages at $215, the court reserving the question of law whether a larger sum than $50 could be recovered. It is unnecessary to spend time in the discussion of the point reserved. Upon the facts stated the plaintiff's acceptance of the receipt was equivalent to an express assent to its terms, and she was as much bound thereby as if she had signed the paper. It is true that, if the effect of the receipt were to be determined according to the decisions of the Supreme Court of Pennsylvania, the attempt to limit the defendant's liability would be held unavailing, because the loss was due to the defendant's negligence: Grogan v. Adams Express Co., 114 Pa. 523, 7 Atl. 134, 60 Am. Rep. 360; Weiller v. Railroad Co., 134 Pa. 310, 19 Atl. 702, 19 Am. St. Rep. 700; Ruppel v. Railroad Co., 167 Pa. 166, 31 Atl. 478, 46 Am. St. Rep. 666. But, since the defendant's liability under the receipt or bill of lading is to be determined not by the local, but by the general commercial, law, it is well settled that a federal court is at liberty to follow its own opinion, and is not bound by the decisions of the state tribunals. This being so, it is only necessary to refer to Hart v. Penna. R. R. Co., 112 U. S. 331,

5 Sup. Ct. 151, 28 L. Ed. 717, as a controlling authority in support of the carrier's right to limit its liability under circumstances such as are presented here, even against its own negligence. The Supreme Court of Pennsylvania recognized this to be the scope of the decision, as will appear by the following extract from the opinion in Grogan's Case, on page 529 of 114 Pa., page 136 of 7 Atl. (60 Am. Rep. 360):

"The learned court further charged the jury that the defendant could limit its own liability, even as against its own negligence, and had done so by the receipt given to the plaintiffs when the goods were shipped. This was done in obedience to a decision of the Supreme Court of the United States in the case of Hart v. Penna. R. R. Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717. An examination of that case shows that such is the law as declared by that court, and, if the decision were a binding authority upon us, we would be obliged to follow it. But our own decisions for a long time have established the opposite doctrine, until it has become firmly fixed in our system of jurisprudence. We could not depart from it now without overruling them all, and we are not willing to do so. The authorities upon the general subject are very numerous and conflicting. But with us the rule has been uniform, and we prefer to adhere to it."

Many other cases have followed Hart v. Railroad Co., as will be seen by the citations in 10 Rose's Notes, U. S. Reports, 896.

Judgment is directed to be entered on the verdict for $50, with interest from February 15, 1903, to April 3, 1905, the day when the verdict was rendered.