## TAYLOR v. WEIR.

(Circuit Court, E. D. Pennsylvania. July 14, 1908.)

### No. 11.

1. CARRIERS—EXPRESS COMPANIES—LOSS OF FREIGHT—LIMITED LIABILITY.

Plaintiff shipped a package of furs, worth $2,000, by defendant express company. Plaintiff marked no value on the package and gave none in her communications to the express company; but the box had been previously used, and a $150 valuation was marked thereon, and this amount was stated by the express company in the receipt as the value of the package. Plaintiff accepted the receipt without demur, and after the loss of the package made no claim of mistake in valuation, but claimed the right to recover the full value of the furs in spite of the limitation of liability contained in the receipt. *Held*, that plaintiff's recovery was limited to $150.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 663–667, 708–710.]

2. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—SUBSTITUTION OF PARTIES.

Suit having been originally brought in a state court against the Adams Express Company, service of the writ was threatened by motion to quash, whereupon plaintiff successfully moved to substitute W., the president of the express company, as the defendant. The cause was then removed to the United States Circuit Court on the ground of diversity

of citizenship. *Held,* that the record would not thereafter be amended, at plaintiff's instance, either as a matter of right or discretion, so as to substitute the express company for defendant W. for the sole purpose of defeating the federal court's jurisdiction.

Motions by Plaintiff for a New Trial, and Also to Amend and Remand.

S. Morris Waln and Thomas Biddle Ellis, for plaintiff.

John L. Evans and Thomas De Witt Cuyler, for defendant.

J. B. McPHERSON, District Judge. Upon the undisputed evidence in this case, all of it having been offered by the plaintiff herself, I should have felt bound to set aside any verdict in excess of $150 and interest. As it seemed to me therefore, a binding instruction to bring in the only verdict that was warranted by the evidence was not only justified but required. By an oversight, $50 was named as the proper amount, instead of $150; but this was afterwards corrected with the defendant's consent.

The testimony showed clearly that the plaintiff prepared a package for shipment by Adams Express, containing furs that she now asserts to have been worth about $2,000. She herself did not mark any value upon the package, and gave none in her communications to the company in which she asked them to send for the furs. Neither did she authorize any one to put a value upon the package, and was evidently content to take her chance of its safe carriage to New York at the rate charged by the company for packages upon which no definite estimate has been placed by the shipper. The package was called for during her absence from the apartment house where she was residing, and, in accordance with her instructions, was handed to the driver by a servant of the house. The box in which the furs were placed had been previously used for another shipment by express, and a valuation of $150, which was then marked upon it, was still visible, although the plaintiff had crossed the figures out. Apparently supposing this valuation to be still intended to apply, the expressman adopted it, noting that sum upon the receipt that he then made out, and was paid the proper rate upon such valuation. When the plaintiff came home in the evening, the receipt came into her hands, and she accepted it without demur. Clearly she had no intention of valuing the furs at what she now says was their real worth, but was content to save the money that she would then have been obliged to pay; and send them as an unvalued package. Even after the lapse of a week, when the failure of the furs to reach the consignee indicated that they might be lost, she did not claim that there had been any mistake about the shipment or the valuation, and, so far as appears, she never has made such a claim. She made none at the trial of the case, but took the position that she was entitled to recover in spite of the limitation of liability contained in the receipt (which is in all respects identical with the receipt that was under consideration in MacFarlane v. Adams Express Co. [C. C.] 137 Fed. 982), and sought to avoid the effect of Hart v. Railroad Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717, by asking the court to permit the jury

to find that she did not consent to such limitation. In a given condition of the evidence, the question of consent might be so disputable that a jury alone could determine it; but, as I have already said, the evidence here seems to me so clear as to forbid any other inference to be drawn than her consent to the valuation of $150. On the authority of Hart v. Railroad Co., the motion for a new trial is refused.

The motion to amend the record so as to substitute the Adams Express Company for Levi C. Weir, president, who is the present defendant, is made for the sole purpose of defeating the jurisdiction of the Circuit Court. In the common pleas, where the suit was originally brought, the Adams Express Company was named as defendant; but, as the service of the writ was threatened by a motion to quash, the plaintiff herself successfully moved to substitute Levi C. Weir, president, as the defendant. The cause was then removed to this court on the ground of diversity of citizenship, and the record supports the order of removal. No reason has been offered that compels the Circuit Court to renounce its jurisdiction by allowing the amendment now asked for, and certainly the application makes no appeal to the court's discretion.

The motion to amend and remand is also refused.